UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY DAVIS; ROLAND BRISTOL; E.B.,

                    Plaintiffs,

-against-

SENIOR SUFFERN HIGH SCHOOL,

                    Defendant.

24-CV-6696 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND SIGNATURE PAGE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Wendy Drews and Roland Bristol bring this action *pro se*.[1] To proceed with a civil action in this Court, Plaintiffs must either pay the $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, must each submit a signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

Moreover, each Plaintiff must sign the complaint and other pleadings. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").[2]

---

[1] Plaintiffs list E.B., who is Drews's minor child, as a plaintiff. A nonlawyer parent, however, ordinarily cannot represent a child's interests *pro se*. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). By separate order, the Court will address Davis's attempt to bring claims on behalf of her minor child.

[2] Although a "typed name" does not satisfy Rule 11(a)'s signature requirement, the Supreme Court affirmed the right of courts "by local rule [to] permit papers to be filed, signed, or verified by electronic means." *Becker,* 532 U.S. at 764. Under this court's local rules, where a document is filed in accordance with the SDNY Electronic Case Filing ("ECF") Rules & Instructions ("ECF Rules"), the filing complies with the local rules. *See* Local Civil Rule 5.2.

Plaintiff Drews submitted an IFP application and signed the complaint, but Plaintiff Bristol has neither submitted an IFP application nor signed the complaint. Accordingly, within 30 days, Bristol is directed to: (1) pay the $405 filing fees or submit a signed and completed IFP application; and (2) sign and submit the attached document titled, Plaintiff's Certification and Warnings. If Bristol returns the documents by mail or in person, these must have handwritten signatures that comply with Rule 11(a). If Bristol submits the document by email (to ProSe@nysd.uscourts.gov), he may use instead an electronic signature or a typed name with /s/ ("/s/ Roland Bristol") on the signature line. The signed document must be labeled with docket number 24-CV-6696 (LTS).

No summons shall issue at this time. If Bristol fails to comply with this order within the time allowed, the Court will dismiss Bristol's claims without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

Rule 1.1 and Appendix C of the ECF Rules authorize self-represented parties to sign documents submitted to the court by email using an electronic signature or typed name with /s.