UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY DREWS; E.B.,

              Plaintiffs,

-against-

SENIOR SUFFERN HIGH SCHOOL,

              Defendant.

24-CV-6696 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff,[1] who is proceeding *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated February 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

---

[1] For reasons explained below, Wendy Drews is the sole Plaintiff in this action.

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff Wendy Drews has two children: Roland Bristol (Roland), who was born in 2003 and was an adult when this suit was filed in 2024, and E.B., who is a minor. In 2008, when Roland was in kindergarten at Montebello Elementary School, he had an accident on the playground at school. (ECF 1 at 6, 13.) The school nurse "covered up" the accident and made "false reports to [Child Protective Services (CPS)]." (*Id.* at 6.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

"[Y]ears ago," school officials "used chemical warfare" in order "to silence" Roland. They threatened to expel or suspend him "for 5 days claiming [that] he had pink eye." (*Id.* at 7.) They said that if he did not take silver nitrate, he could not attend school.[3] At some point, the school informed Plaintiff that unless they received a note from a doctor about her child, they would make a report to CPS.

In June 2019, Plaintiff moved back to Suffern. At some point, Roland was labeled "SED" in his school records, even though "he never had [an] IEP," or individualized Education Plan (IEP).[4] The school (possibly Suffern High School) attempted "to institutionalize [Roland] with fake IEP SED." (*Id.* at 7.) "They would not let [Roland] attend school. He was at their tutor at the library." (*Id.*) On May 18, 2023, false reports to CPS were made. Plaintiff was "maliciously and falsely prosecuted on fake neglect Administration case" and she was unable to get help.[5] (ECF 1 at 6.)

Plaintiff sues Suffern High School.[6] She has not made any request for relief.

---

[3] Plaintiff attaches a police report from May 8, 2022, stating that Plaintiff wanted to document the incident, that took place on November 18, 2009, about her son's eye infection while he was attending Montebello Elementary School. (ECF 1 at 13.)

[4] The acronym SED is commonly used to mean seriously emotionally disturbed. It is unclear from the chronology of events described in the complaint whether the "fake IEP SED" incident took place when Roland was in elementary school or at Suffern High School.

[5] The same day that Plaintiff filed this action, she filed several other actions, many of which relate to the neglect charges. *See, e.g., Drews et al v. Vill. of Suffern*, No. 24-CV-06700 (LTS) (SD.N.Y. filed Aug. 28, 2024) (complaint naming Suffern High School and others); *Drews v. Greater Mental Health of New York*, No. 24-CV-6699 (S.D.N.Y. Nov. 19, 2024) (complaint, filed August 28, 2024, dismissed); *Drews v. Adams*, No. 24-CV-6698 (NSR) (S.D.N.Y.) (complaint, filed August 28, 2024, bringing claims regarding the removal on May 31, 2023, of Drews's minor son from her custody); *Drews v. GoldOller Real Est. Invs.*, No. 24-CV-6697 (LTS) (S.D.N.Y.) (complaint, , filed August 28, 2024, alleging that on May 31, 2023, the apartment property manager "unlocked [the] door . . . and allowed the police without a warrant to abduct [her] 16 year old son").

[6] Plaintiff has not named the elementary school or its employees as defendants in connection with the incidents from 2008 and 2009 that she describes.

## DISCUSSION

**A.     Parties to this action**

As an initial matter, the Court notes that, although Roland was initially listed as a plaintiff in this action, Roland's claims were dismissed without prejudice for his failure to respond to an order directing him to sign the complaint and submit his own IFP application. (ECF 10.) In addition, E.B., who is Wendy Drews's minor son, is also listed in the caption as a plaintiff. A nonlawyer parent, however, ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (holding that minors "are entitled to trained legal assistance so their rights may be fully protected"); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009). The Court therefore dismisses without prejudice any claims that Drews is attempting to bring on behalf of her child E.B. Thus, the sole remaining Plaintiff in this action is Wendy Drews.

**B.     Claims arising under federal law**

Plaintiff invokes the Court's federal question jurisdiction but has not identified any particular federal law under which her claims against Suffern High School arise. Plaintiff appears to take issue with what she describes as her son Roland's "fake IEP SED." (ECF 1 at 7.) Claims regarding a public school's handling of a child's disability could arise under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12132, 12133, or the Individuals with Disabilities Education Act (IDEA),

4

20 U.S.C. § 1400 *et seq.*[7]

Damages are unavailable for violations of the IDEA, *Luna Perez v. Sturgis Public Schs.*, 143 S. Ct. 859, 862 (2023), but in some situations a parent may seek reimbursement of paid expenses or compensatory education, *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 659 (2d Cir. 2020). When a plaintiff pursuing claims under some other federal statute seeks a remedy that the IDEA can supply, then exhaustion is required, but exhaustion is excused when a plaintiff seeks a remedy that the IDEA cannot provide.[8] *Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 100 (2d Cir. 2024) ("Claims brought under the ADA and Rehabilitation Act are subject to the exhaustion requirements of the IDEA when they seek relief that would also be available under the IDEA"); *Simmons v. Murphy*, No. 23-CV-288, 2024 WL 2837625, at *3 (2d Cir. June 5, 2024) (holding that "claims seeking 'a form of relief . . . [the] IDEA does not provide,' including compensatory and punitive damages, need not be exhausted, even if such claims seek to redress the denial of a FAPE").

Here, it is unclear whether Plaintiff is alleging that Roland, who is now 21 or 22 years old, was denied a free appropriate public education, 20 U.S.C. § 1412(a)(1), and, if so, what remedy she seeks. Plaintiff appears to argue that Roland was regarded as having an impairment –

---

[7] Parents have enforceable rights under the IDEA. *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 653 n.2 (2d Cir. 2020) ("[A] parent has an independent enforceable right under the IDEA and may pursue a claim on her own behalf"); *see also Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) ("Parents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf."). Plaintiff thus may be able to bring claims under the IDEA or other federal statutes in connection with her son's IEP.

[8] The IDEA offers a process to dispute the adequacy of an IEP. 20 U.S.C. § 1415(b)(5)–(8). A parent may present a complaint and request an impartial due process hearing, to be conducted by the local or state educational agency. *Id.* § 1415(b)(6), (f)(1)(A), (f)(3)(E). The hearing officer's decision is "final," but "any party aggrieved" may appeal to the state educational agency, which then must conduct its own impartial review and make an independent decision. *Id.* § 1415(g)(1), (i)(1)(A). An "aggrieved" party who has fully exhausted administrative remedies may bring a civil action. *Id.* § 1415(i)(2)(A).

SED – but, in fact, he did not. The Court cannot discern what aspects of Roland's education Plaintiff is challenging, if any, when this took place, whether Plaintiff took any steps to raise this matter administratively, and what relief she is seeking. Plaintiff's complaint thus does not include a short and plain statement putting the defendant on notice of the claim against it and showing that she is entitled to relief, as required by Rule 8. Fed. R. Civ. P. 8(a). Plaintiff's complaint must therefore be dismissed for failure to state a claim on which relief can be granted.

C.     **Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a federal claim, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff chooses to file an amended complaint, she should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not

supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff should not raise claims in her amended complaint that she is currently litigationg or has already litigated in other actions. Plaintiff's amended complaint should explain what school officials did or failed to do that violated her rights, or rights that she is entitled to assert on behalf of her child. Plaintiff should also determine who is a proper defendant for her claims, which may depend on the federal claims that she is asserting.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action dismissing the federal claims for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declining supplemental jurisdiction of Plaintiff's state law claims, 28 U.S.C. § 1367(c)(3).

D.     **Referral to SDNY Federal Pro Se Legal Assistance Project**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the City Bar Justice Center's intake form. A flyer with details is attached.[9]

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Clerk of Court is directed to terminate E.B. on the docket as a plaintiff in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

---

[9] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: April 14, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge